

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-14-2006

# Blake v. VI Dept Housing

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2694

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation
"Blake v. VI Dept Housing" (2006). *2006 Decisions.* Paper 597.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/597

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2694

CLARICE BLAKE

v.

GOVERNMENT OF THE VIRGIN ISLANDS,
DEPARTMENT OF HOUSING,
PARKS AND RECREATION;
IRA HOBSON, as Commissioner
of Housing, Parks and Recreation;
CHARLES TURNBULL, Governor

Charles Turnbull,

Appellant

Appeal from the District Court of the Virgin Islands
(Division of St. Croix)
No. 01-cv-00098
Chief District Judge: Hon. Raymond L. Finch

Argued on May 12, 2006

BEFORE: FISHER, COWEN and ROTH*, Circuit Judges

(Opinion filed:   August 14, 2006)

*Judge Roth assumed senior status on May 31, 2006.

Jomo Meade, Esquire (ARGUED)
112 Queen Cross Street
Frederiksted, St. Croix
U. S. Virgin Islands   00840

       Attorney for Appellee

Kerry E. Drue, Equire
Attorney General
Elliott M. Davis, Esquire
Solicitor General
Richard S. Davis, Esquire (ARGUED)
Assistant Attorney General
Office of Attorney General of the Virgin Islands
U.S. Department of Justice
34-38 Kronprindsens Gade
GERS Bldg., 2nd Floor
Charlotte Amalie, St. Thomas
U.S. Virgin Islands    00802

       Attorneys for Appellant

------

OPINION

------


**ROTH**, <u>Circuit Judge</u>:

This is an appeal from the District Court's order affirming the Magistrate Judge's order that denied Governor Charles W. Turnbull's motion to stay discovery.  For the reasons stated below, we will dismiss the appeal for a lack of jurisdiction.

## I.    Factual Background and Procedural History

As the facts are well known to the parties, we give only a brief description of the

2

issues and procedural posture of the case.

On May 21, 2001, Clarice Blake filed a civil rights action against Governor Turnbull and others stemming from the termination of her employment. During discovery, Governor Turnbull filed a motion to stay discovery on the ground that he had qualified immunity from suit as the Governor of the Virgin Islands. On April 30, 2003, the Magistrate Judge denied the motion to stay because, *inter alia*, the Governor had delayed filing his motion for summary judgment, where he first asserted qualified immunity, and he did not make a showing of irreparable injury. The Magistrate Judge's order did not rule on the merits of the Governor's alleged immunity. On June 5, 2002, the District Court affirmed the denial of the stay, and this appeal followed. The Governor's motion for summary judgment is still pending.

## II.    This Court Lacks Jurisdiction Over the Appeal

This Court lacks jurisdiction over the appeal. Generally, only final orders of the district court are appealable. *See* 28 U.S.C. § 1291. Here, no final order has been issued.

Moreover, the collateral order doctrine articulated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), and its progeny is inapplicable. Often, orders denying qualified immunity are immediately appealable under the collateral order doctrine. *Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985). The instant order does not, however, deny the Governor's qualified immunity; rather, it focuses on the Governor's lack of irreparable injury and his delay in seeking summary judgment, all in the context of discovery. As such, the order does not "conclusively determine the disputed question" of

3

the Governor's immunity and, therefore, is not appealable. *Id*. at 527 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)); *see also Schrob v. Catterson*, 967 F.2d 929, 938 (3d Cir. 1992) (noting that "the finality aspect of the collateral order doctrine is not satisfied" when the order "conclusively determined the immunity issue [only] to the extent that it requires the appellants to engage in such limited discovery proceedings."). Finally, the Governor's argument that the District Court lacks jurisdiction over the case due to Blake's failure to obtain a Right-to-Sue letter is best left to the District Court in the first instance.

## III.    Conclusion

As this Court lacks jurisdiction, we will dismiss the appeal.

4